UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Isaacs, | No. 2:24-cv-01707-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| City of Susanville, et al., | |
| Defendants. | |

Plaintiff Michael Isaacs alleges officers of the City of Susanville Police Department picked him up and "body slammed him to the ground" without provocation during an arrest in late 2022. *See* Compl. ¶¶ 33–44, ECF No. 1.  He asserts a claim against the officers under 42 U.S.C. § 1983 and the Fourth Amendment.  *See id.* ¶¶ 45–56.  He also asserts a claim against the city under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  *See* Compl. ¶¶ 116–23.  He alleges the city's police department had an unconstitutional "policy, custom, and/or practice" to use "unlawful tactics," such as "takedown" maneuvers, "when none were warranted or lawful." *Id.* ¶ 117.  The city moves to dismiss the claim against it under Federal Rule of Civil Procedure 12(b)(6), and the motion is fully briefed.  *See* Mot. Dismiss, ECF No. 9; Opp'n, ECF No. 16; Reply, ECF No. 20.  The court took the matter under submission without holding a hearing.  *See* Min. Order, ECF No. 24.

In response to a motion to dismiss under Rule 12(b)(6), the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.* at 679. This standard applies equally to *Monell* claims. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Isaacs's complaint does not include allegations about the city's alleged policy, custom or practice; he alleges only that there is a policy, custom or practice, essentially reiterating the elements of a claim under *Monell*. *See* Compl. ¶¶ 116–23. Generic allegations about policies and practices do not suffice. *See AE ex. rel. Hernandez*, 666 F.3d at 637. If a plaintiff alleges only in general terms that a local government has an unconstitutional policy or practice, the case cannot move forward to discovery based on the plaintiff's or the court's anticipation that discovery will reveal more information about that policy or practice. *See id.* The complaint must stand or fall on its own allegations: "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*; *see also, e.g.*, *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (affirming dismissal of generic *Monell* claim).

For these reasons, the motion to dismiss (ECF No. 9) is **granted with leave to amend**, if possible within the confines of Rule 11. *See AE ex. rel. Hernandez*, 666 F.3d at 637–38 (reversing dismissal without leave to amend because the "allegation of plausible facts supporting such a policy or custom could have cured the deficiency in the *Monell* claim"). Any amended complaint must be filed **within twenty-one days**.

IT IS SO ORDERED.

DATED: October 23, 2024.

UNITED STATES DISTRICT JUDGE